{¶ 20} I respectfully dissent. I would affirm the decision of the trial court in regards to the vehicles but would reverse its decision in regards to the clothes dryer.
 {¶ 21} The evidence presented at trial showed that the dryer was purchased during the relationship in December, 2005, with money solely borrowed from Sexton's employer and later withdrawn solely from his paycheck. Apparently, McCall believes that because they paid bills out of their joint income, she has some equitable interest in the dryer. However, there was no evidence in the record to show that McCall contributed any money for the purchase of the dryer. As such, she did not prove that she had any ownership interest in the dryer. Therefore, I do not believe that, based on this evidence, substantial justice was done between the parties in regards to the dryer. Consequently, I would overrule Sexton's assignment of error in part and sustain it in part.
 {¶ 22} Thus, I dissent.
 JUDGMENT ENTRY *Page 11 
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
McFarland, P.J.: Concurs in Judgment Opinion
 Kline, J.: Dissents with Dissenting Opinion *Page 1